**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000665
27-SEP-2024
07:56 AM
Dkt. 62 SO**

NO. CAAP-20-0000665

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MICHEAL ADREANO TACUB, JR., Petitioner-Appellant-Appellee, v.
HAWAIIAN HOMES COMMISSION; KALI WATSON, in his capacity as
Chairperson of the Hawaiian Homes Commission and
the Director of the Department of Hawaiian Home Lands;[1]
SANOE MARFIL, WALT KANEAKUA, ARCHIE KALEPA, PAULINE NAMU'O,
LAWRENCE LASUA, DENNIS NEVES, MICHAEL KALEIKINI,
and MAKAI FREITAS, in their capacities as members of the
Hawaiian Homes Commission;[2]
and the DEPARTMENT OF HAWAIIAN HOME LANDS,
Respondents-Appellees-Appellants.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CCV-20-0000300)

SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

---

[1] Pursuant to Hawai'i Rules of Evidence Rule 201 (**HRE**) and Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 43(c)(1), we take judicial notice that Kali Watson is the current Chairman of the Hawaiian Homes Commission and the Director of the Department of Hawaiian Home Lands and he is automatically substituted as Respondent-Appellee-Appellant in place of Jobie Masagatani.

[2] Pursuant to HRE Rule 201 and HRAP Rule 43(c)(1), we take judicial notice that Sanoe Marfil, Walt Kaneakua, Archie Kalepa, Pauline Namu'o, Lawrence Lasua, Dennis Neves, Michael Kaleikini, and Makai Freitas are current members of the Hawaiian Homes Commission and they are automatically substituted as Respondents-Appellees-Appellants in place of Imaikalani P. Aiu, Perry O. Artates, Leimana Damate, Gene Ross K. Davis, J. Kama Hopkins, Michael P. Kahikina, Ian B. Lee Loy, and Renwick V.I. Tassill.

Respondents-Appellees-Appellants Hawaiian Homes Commission et al. (**Commission**) appeal from the Circuit Court of the First Circuit's[3] August 31, 2020 "Order on Appeal" and "Judgment on Appeal," and October 2, 2020 "Order Denying Appellees' Motion for Reconsideration."

On appeal, the Commission challenges the circuit court's conclusions that (1) a pending lease transfer existed between the Department of Hawaiian Home Lands (**Department** or **DHHL**) and Micheal Adreano Tacub Sr. (**Micheal Sr.**); and (2) the Commission acted under an improper rule when it canceled the transfer after Micheal Sr. passed away.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve the points of error as discussed below and vacate and remand.

"Appellate review of a circuit court decision reviewing an agency decision constitutes a secondary appeal." Keep the N. Shore Country v. Bd. of Land & Nat. Res., 150 Hawaiʻi 486, 502, 506 P.3d 150, 166 (2022). "The appellate court must determine whether the circuit court was right or wrong in its decision by applying the standards set forth in [Hawaiʻi Revised Statutes (**HRS**)] § 91-14(g) [(Supp. 2016)] to the agency's

---

[3] The Honorable James H. Ashford presided.

decision."[4]  Id.  An agency's conclusions of law are reviewed de novo, and its factual findings are reviewed for clear error. Paul's Elec. Serv., Inc. v. Befitel, 104 Hawaiʻi 412, 420, 91 P.3d 494, 502 (2004).

"In a secondary appeal, '[t]his court's review is further qualified by the principle that the agency's decision carries a presumption of validity and appellant has the heavy burden of making a convincing showing that the decision is invalid . . . .'"  Keep the N. Shore Country, 150 Hawaiʻi at 503, 506 P.3d at 167 (quoting Korean Buddhist Dae Won Sa Temple of

---

[4]  HRS § 91-14(g) provides:

> (g)  Upon review of the record, the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:
>
> > (1)  In violation of constitutional or statutory provisions;
> >
> > (2)  In excess of the statutory authority or jurisdiction of the agency;
> >
> > (3)  Made upon unlawful procedure;
> >
> > (4)  Affected by other error of law;
> >
> > (5)  Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
> >
> > (6)  Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

(Formatting altered.)

Haw. v. Sullivan, 87 Hawai'i 217, 229, 953 P.2d 1315, 1327 (1998)).

**(1)** The Commission first challenges the circuit court's conclusion that a pending lease transfer existed between Micheal Sr. and the Department.

Under section 209 of the Hawaiian Homes Commission Act (**HHCA**),[5] a lessee's interest in the leased tract of land vests in

---

[5] HHCA § 209 provides in relevant part:

> **Successors to lessees**. (a) Upon the death of the lessee, the lessee's interest in the tract or tracts and the improvements thereon . . . shall vest in the relatives of the decedent as provided in this paragraph. From the following relatives of the lessee who are (1) at least one-quarter Hawaiian, husband, wife, children, grandchildren, brothers, or sisters, or (2) native Hawaiian, father and mother, widows or widowers of the children, widows or widowers of the brothers and sisters, or nieces and nephews,——the lessee shall designate the person or persons to whom the lessee directs the lessee's interest in the tract or tracts to vest upon the lessee's death. . . . The designation shall be in writing, may be specified at the time of execution of the lease with a right in the lessee in similar manner to change the beneficiary at any time and shall be filed with the department and approved by the department in order to be effective to vest the interests in the successor or successors so named.
>
> In case of the death of any lessee, except as hereinabove provided, who has failed to specify a successor or successors as approved by the department, the department may select from only the following qualified relatives of the decedent:
>
> > (1)   Husband or wife; or
> >
> > (2)   If there is no husband or wife, then the children; or
> >
> > (3)   If there is no husband, wife, or child, then the grandchildren; . . . .

(Emphases added.)

4

a relative when the lessee dies. HHCA, 1920, Pub. L. No. 67-34, 42 Stat. 108 (1921), <u>reprinted in</u> 1 HRS at 261 (2009). As such, lessees are required to designate a qualifying relative. HHCA § 209(a). But, the interest of a relative designated as a successor vests only if the designation is (1) in writing, (2) filed with the Department, and (3) approved by the Department. HHCA § 209(a); Hawaiʻi Administrative Rules (**HAR**) § 10-3-61 (eff. 1981, amended 2017).[6]

Here, Micheal Sr.'s mother, **Hannah** N.K. Chang, designated Micheal Sr. as successor to her lease in writing and filed the designation with the Department. But no evidence in the record shows the Department approved (rather than acknowledged as filed) his designation. Nor does the evidence

---

[6] HAR § 10-3-61 provides the following relevant instructions regarding the designation of successors:

> A lessee may designate a successor or successors at the time of execution of the lease; provided that the <u>lessee shall file the designation in writing at the department and the department shall acknowledge the designation in order for the designation to be deemed filed</u>. A lessee may change the designation of successor or successors at any time; provided that the lessee shall file the change of designation in writing at the department and the department shall acknowledge the change of designation in order for the change of designation to be deemed filed.

> The lessee or designated successor shall provide documentation to establish eligibility of the designated successor and <u>the department shall determine whether a designated successor is qualified to be a lessee of Hawaiian home lands</u>.

(Emphases added.)

5

in the record show the Department determined, prior to his death, that Micheal Sr. was qualified to receive the lease.

Witnesses for Petitioner-Appellant-Appellee Micheal Adreano Tacub Jr. (**Micheal Jr.**) testified Micheal Sr. completed the Successorship to Lease Response **Form**[7] and that a witness hand-delivered the Form with Micheal Sr.'s birth certificate to the Department. These documents are not in the record, and the Commission ultimately concluded Micheal Jr. "did not adduce any competent evidence that [Micheal Sr.] accepted the designation or that he requested the Department to transfer Lease No. 4140 from [his mother] to him." See Tamashiro v. Control Specialist, Inc., 97 Hawaiʻi 86, 92, 34 P.3d 16, 22 (2001) ("[T]he credibility of witnesses and the weight to be given their testimony are within the province of the trier of fact and, generally, will not be disturbed on appeal.")

Because HHCA § 209 requires the Department's approval "in order to be effective to vest the interests in" Micheal Sr., and there was no approval, the circuit court erred in concluding that a pending lease transfer existed.

---

[7] The Department uses the Form to confirm if the designated successor is willing to "accept all obligations associated with th[e] lease" including "any outstanding mortgages, lease rent, property taxes, utilities, and any other obligations tied to th[e] lease." See HHCA §§ 208, 209; HAR § 10-3-65 (eff. 1981, amended 1998) (describing possible payments successor lessees may owe the Department). (Formatting altered.)

**(2)** Next, the Commission contends the circuit court erred when it concluded "DHHL acted according to an improper rule because the HHCA and its administrative rules give DHHL no other option but to select a successor through public notice." Micheal Jr., on the other hand, argues "DHHL's unwritten policy of cancelling a pending transfer to a legitimate successor lessee . . . upon that successor lessee's death"[8] violates the rulemaking requirements of the Hawaiʻi Administrative Procedure Act (**HAPA**).

HAPA requires state agencies to comply with certain procedures when they adopt, amend, or repeal rules. HRS § 91-3(a) (Supp. 2018). Here, the Commission did not act under a new, unwritten rule. Rather, it followed HHCA § 209(a) and its administrative rules.

HHCA § 209(a) provides that if a lessee dies without specifying "a successor . . . as approved by the department, the department may select from only the following qualified relatives of the decedent" beginning with the lessee's spouse, then children, then grandchildren, and so on. (Emphasis added.) The Department seeks out other qualifying relatives by

---

[8] Micheal Jr. characterizes Micheal Sr. as a successor lessee because Hannah named Micheal Sr. as her designated successor. In the Commission's December 24, 2019 Findings of Fact, Conclusions of Law and Decision and Order, however, it concluded that "[a] 'designated successor' is not equivalent to a 'successor lessee.'"

publishing a weekly notice for four consecutive weeks in generally circulated newspapers. HHCA § 209(a); HAR § 10-3-63 (eff. 1981, amended 1998) ("Upon the death of a lessee leaving no designated successor, the department shall publish a public notice at least once in each of four successive weeks in a newspaper of general circulation in the State."). Claimants must "present themselves at the department with proof of their qualifications . . . or be forever barred from succeeding to the lease." HAR § 10-3-63.

As explained above, the Department had not approved Micheal Sr.'s successorship prior to his death. Thus, the Department needed to identify another successor to Hannah's lease. HHCA § 209(a). To do so, it published notices in four generally circulating newspapers for four consecutive weeks.

Two people responded to the notices: Valeriana L. Tacub (**Valeriana**) and (2) Micheal Jr. As Valeriana is Hannah's child and Micheal Jr. is Hannah's grandchild, Valeriana had "priority standing to succeed to the Lease." See HHCA § 209(a). The Department verified Valeriana was at least one-quarter Hawaiian and determined she was a qualified successor. The Commission then approved Valeriana's successorship, and both Valeriana and the Commission signed and executed the lease transfer.

Given the above, the Commission complied with HHCA § 209 and its administrative rules; the Commission did not make up a new rule. The circuit court, thus, erred in concluding the Commission acted under an "improper rule."

For the above reasons, we vacate the circuit court's August 31, 2020 Order and Judgment and the October 2, 2020 "Order Denying Appellees' Motion for Reconsideration" and affirm the Commission's December 24, 2019 "Findings of Fact, Conclusions of Law and Decision and Order[.]"

DATED:  Honolulu, Hawai'i, September 27, 2024.

On the briefs:

Craig Y. Iha,
Ryan K.P. Kanakaole,
Deputy Attorneys General
for Respondents-Appellees-
Appellants.

Keith M. Kiuchi,
for Petitioner-Appellant-
Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge